## Case No. 3,436.

### CROSSLEY v. The LOUIS.

[4 Ben. 510.] [1]

District Court, S. D. New York. Feb., 1871.

#### POSSESSION—RELEASE.

1. Two parties, J. and C., were interested in the building of a steam-tug, but the vessel was enrolled in the name of C. alone, and was run for their joint benefit. C. died, and a suit was brought by J., against the administratrix of C., to have a receiver of the boat appointed, and the boat sold and the accounts adjusted. That suit was settled by the payment by J., to the administratrix, of a sum of money, on the receipt of which she executed to J. a general release of all claims and demands which C. had against J. in connection with the boat. Afterwards, the administratrix brought this possessory action to recover the boat: *Held*, that the burden of proof was on the libellant, to show that she did not understand the transaction in which she gave the general release.

2. The libellant had failed to establish that fact, and was, therefore, not entitled to the possession of the boat.

This was an action of possession brought by the libellant to recover possession of the steam-tug Louis. The libel alleged that the libellant had been duly appointed administratrix of the estate of John J. Crossley; that the boat was enrolled in the name of Crossley; and that she, as his administratrix, was entitled to the possession of the boat.

The answer of Francis L. Johnson and others set up that the boat was built under an agreement between Crossley and Johnson, by which Crossley was to be interested in the proportion of one-fourth and Johnson in the proportion of three-fourths; that she was enrolled in Crossley's name, and was run for the benefit of both parties; that, after the death of Crossley, Johnson commenced a suit against the libellant, as administratrix of Crossley, to have a receiver of the boat appointed and the boat sold, and the accounts adjusted; that that suit was settled by the payment to the libellant of the sum of $1,000; and that the libellant executed to Johnson a general release, under seal, releasing him from all claims which Crossley had against him by reason of their connection with the boat. The libellant gave evidence tending to show that she had not properly understood the contents of the release signed by her.

T. D. Adams, for libellant.

Benedict & Boardman, for claimants.

BLATCHFORD, District Judge. Although the Louis was enrolled and registered in the name of Crossley as her owner, yet the proofs show that she was held by him in trust for himself and the respondent Johnson, subject to the adjustment of accounts between them. In reference to the expense of building and running her; that Crossley superintended her running; that she was run for the benefit of Crossley and Johnson, in the proportion of three-fourths of her net earnings to Johnson, and one-fourth to Crossley; that, after Crossley's death, Johnson brought a suit against the libellant, as administratrix of Crossley, to have a receiver of the boat appointed, and the boat sold, and the accounts between Johnson and the estate of Crossley in reference to the building and running of the boat adjusted; that that suit was settled, after an examination of the accounts by the counsel for the libellant, by the payment by Johnson to the libellant, of the sum of $1,000; and that thereupon the libellant executed and delivered to Johnson a general release under seal, releasing him, also, especially, from all claims and demands which Crossley had, at the time of his death, against Johnson, "growing out of any connection he had, in his lifetime, with the said Johnson, with the steam propeller Louis or any other vessel." The burden of proof is on the libellant, on these facts, to show that she did not understand the transaction or understand why she was receiving the $1,000. The matter appears to have been conducted with care and deliberation by the counsel on both sides, both in respect to an investigation of the subject-matter of the controversy and in respect to the preparation of the settlement papers. Mrs. Crossley admits that she executed the release, but says that she did not know its contents, and that her counsel did not tell her what the $1,000 was paid to her for. This testimony is contradicted by her counsel, who testifies that he told her the $1,000 was to settle the suit brought by Johnson, and that Johnson's counsel required a general release, and that she knew what the release was given for. In addition to this, it is shown that she took to the office of her counsel, before the suit was brought by Johnson, the books of her husband, which she had found, relative to his transactions with Johnson, that her counsel examined them, and that, at the time she received from her counsel so much of the $1,000 as she did receive, she took away from his office such books. The libellant has, therefore, failed to make out that she is entitled to the possession of the tug, as against the respondents, or to a decree against them for her earnings while in their possession, which is the prayer of her libel.

The libel is dismissed, with costs.

CROSSMAN (STAR SALT CASTER CO. v.). See Cases Nos. 13,320 and 13,321.

CROTHERS (WEBSTER v.). See Case No. 17,334.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]